# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AQUEVA GREEN,

                Plaintiff,

v.

OUTREACH COMMUNITY HEALTH CENTER,

                Defendant.

Case No. 25-CV-107-JPS

**ORDER**

## 1.    INTRODUCTION

In this case, Plaintiff Aqueva Green ("Plaintiff") proceeds pro se on a medical malpractice claim. ECF No. 1-1 at 3–4. She originally filed her case in Wisconsin state court, named Outreach Community Health Center ("Outreach") as the sole defendant, and raised allegations against two practitioners affiliated with Outreach. *Id.*; ECF No. 1. On January 22, 2025, the United States appeared in the state action and removed the case to the United States District Court for the Eastern District of Wisconsin, where it was assigned to this branch of the Court. *See generally* ECF No. 1.

Together with its removal papers, the United States filed two motions. First, it moved to substitute itself as the named defendant, on the basis that Outreach is a "deemed employee of the Public Health Service" because it receives federal funding and support—and therefore any lawsuit against Outreach actually proceeds against the United States under the Federal Tort Claims Act ("FTCA"). ECF No. 4 at 1 (brief); ECF No. 3 (motion). Second, the United States moved to dismiss this case because the FTCA requires a plaintiff to exhaust administrative remedies before suing

for medical malpractice, and Plaintiff here failed to do so. ECF No. 6 at 1 (brief); ECF No. 5 (motion). Plaintiff did not respond to either motion. The United States therefore moved the Court to proceed to rule on the pending motions without further input from the parties. ECF No. 9.

After considering the United States's submissions, the Court will grant the first two motions (and deny the third as moot), thereby substituting the United States as Defendant in this action and dismissing the case without prejudice due to Plaintiff's failure to exhaust her administrative remedies.

**2.      BACKGROUND**

Plaintiff commenced this civil case in Wisconsin state court on November 26, 2024. *See Aqueva Green v. Outreach Comm. Health Ctrs.*, Milwaukee Cnty. Cir. Ct. Case No. 2024CV009546, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CV009546&countyNo=40 (last visited Apr. 10, 2025) (hereinafter the "State Case"). The Court below summarizes the allegations in her complaint and then recounts relevant procedural history from this case and Plaintiff's related cases.

On a motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). Additionally, the Court may take judicial notice of public records, including court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

**2.1     Allegations in Plaintiff's Complaint**

Plaintiff names only Outreach, the entity, as a defendant, ECF No. 1-1 at 3, but makes allegations against two practitioners at Outreach: "Dr. San Augustin" and "Dr. Annie Carroll," who will be referred to herein as "Ms. Carrell."[1] *Id.* at 4. Plaintiff states that she "attend[ed] Outreach . . . from about 2012 to 2022" and during that time generally "did not receive the appropriate care." *Id.*

Specifically, she alleges that, while in Dr. San Augustin's care from 2012 to 2017, "he failed to properly diagnose" her condition, leading to delays in Plaintiff receiving proper treatment. *Id.* She further states that, while in Ms. Carrell's care from 2018 to 2019, Ms. Carrell told Plaintiff that she had post-traumatic stress disorder (PTSD) despite never having discussed Plaintiff's "story" or "history" with Plaintiff. *Id.* Plaintiff "eagerly accepted" this diagnosis but later realized that Ms. Carrell "deliberately lied" to her. *Id.* She alleges that Ms. Carrell unnecessarily prescribed her sertraline for the PTSD, which Plaintiff believes "caus[ed] [her] to experience a slight psychosis." *Id.*

Plaintiff similarly alleges that back in 2012, she sought treatment from Outreach for anxiety, attention deficit-hyperactivity disorder, and "possibly" obsessive-compulsive disorder and bipolar disorder, but "was not properly educated on these[] conditions prior to continuously being prescribed unneeded medication not fit for [her] actual situation and

---

[1]The United States notes that "[t]he reference to 'Dr. Annie Carroll' appears to be an incorrect reference to 'Annie Carrell,' who is listed in [Outreach's] website as 'Director of Behavioral Health.'" ECF No. 6 at 2 (citing *Behavioral Health*, OUTREACH CMTY. HEALTH CTRS., https://www.ochc-milw.org/behavioralhealth (last visited Apr. 10, 2025)). The Court will refer to Ms. Carrell by her correct name as listed on the Outreach website.

diagnosis." *Id.* She says that in November 2024, she requested her "list of disorders/problems from Outreach . . . and P[TSD] was not listed, causing [her] to believe an act of malfeasance was initially done." *Id.*

As relief, Plaintiff seeks monetary damages between $75,000 and $5,000,000. *Id.*

### 2.2 Procedural Background

#### 2.2.1 Service and Notice

Because Plaintiff is representing herself, the United States has certified that it served all its filings on her by mail at the street address she provided in her complaint. ECF No. 1-1 at 1 (providing Plaintiff's Milwaukee street address); ECF No. 1-4 at 2 (certificate of service of removal documents); ECF No. 4-7 (certificate of service of motion to substitute and related documents); ECF No. 6-9 (certificate of service of motion to dismiss and related documents); ECF No. 10-1 (certificate of service of motion to rule on pending motion and related documents).

The United States removed the case and filed its motions to substitute and dismiss on January 22, 2025, making any response thereto due on or before February 12, 2025. Civ. L.R. 7(b). Similarly, the United States filed its most recent motion on February 19, 2025, making any response thereto due on or before March 12, 2025. *Id.* Plaintiff did not respond at all to any of the United States' motions, let alone within the applicable timeframes. There is no indication that Plaintiff did not receive the United States' filings. Indeed, she responded to the Clerk of Court's request to indicate her consent or refusal of magistrate judge jurisdiction, ECF No. 8, demonstrating that she is aware that her case was removed to this Court. The Court therefore presumes that Plaintiff received notice of the United States' pending motions and chose not to respond.

### 2.2.2 Plaintiff's Prior Case

Plaintiff previously pursued similar allegations in another case that the United States also removed from Wisconsin state court. *Green v. United States*, Case No. 24-CV-567-NJ, ECF Nos. 1 and 1-2 (E.D. Wis. May 8, 2024). She raised malpractice claims against Outreach, alleging that Dr. San Augustin failed to properly diagnose her condition(s) resulting in delays in her accessing treatment, and that another practitioner unnecessarily prescribed sertraline for Plaintiff. *Id.*, ECF No. 1-2 at 4. As in this case, the United States moved to be substituted for Outreach and to dismiss the case for failure to exhaust administrative remedies under the FTCA. *Id.*, ECF Nos. 4–5. Magistrate Judge Nancy Joseph presided over the case, granted both motions, and ordered that judgment be entered accordingly. *Id.*, ECF Nos. 18, 19; *see also Green v. Outreach Cmty. Health Ctr.*, No. 24-CV-567, 2024 WL 3580950, at *2 (E.D. Wis. July 29, 2024). Plaintiff filed a notice seeking to voluntarily dismiss the case, which the Clerk of Court received and docketed the same day that Judge Joseph granted the motion to dismiss. *Id.*, ECF No. 20. The judgment reflects that the dismissal of the case was pursuant to the United States' motion, not Plaintiff's notice of voluntary dismissal. *Id.*, ECF No. 19.

### 3. LAW AND ANALYSIS

#### 3.1 Motion to Substitute the United States as Defendant

"The FTCA makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee." *Green*, 2024 WL 3580950, at *2 (citing *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 721 (7th Cir. 2012)). "[T]he 'only proper

defendant in an FTCA action is the United States.'" *Id.* (quoting *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008)).

The Federally Supported Health Centers Assistance Act, § 233 of the Public Health Service Act, authorizes removal of cases to federal court where the plaintiff seeks damages for injury—i.e., claims that sound in tort—resulting from the performance of medical functions by individuals and "entities deemed . . . employees" of the federal Public Health Service, acting within the scope of such employment. 42 U.S.C. § 233(c) and (g); *Evans v. United States*, No. 22 C 1627, 2022 WL 17976165, at *2 (N.D. Ill. Dec. 28, 2022), *aff'd*, No. 23-1151, 2025 WL 798859 (7th Cir. Mar. 13, 2025) ("Under the Federally Supported Health Centers Assistance Act[, 42 U.S.C. § 233,] . . . certain federally funded community health centers and individuals are deemed employees of the federal Public Health Service for purposes of the FTCA." (citing 42 U.S.C. §§ 233(g) and 254b and *Chronis v. United States*, 932 F.3d 544, 546 n.1 (7th Cir. 2019))).

The United States asserts that Outreach is a federal employee under 42 U.S.C. § 233(c) and as a result that Plaintiff's lawsuit must proceed under the FTCA against the United States. *See generally* ECF Nos. 3, 4; *see also* ECF No. 6-7 at 2 (declaration submitted with motion to dismiss noting that Outreach "was deemed eligible for [FTCA] malpractice coverage"). The United States removed the case, ECF No. 1, and now moves to be substituted as Defendant, ECF No. 3, on this same basis.

The case was removed on a certification by a designee of the United States Attorney General that Outreach was deemed an employee of the Public Health Service and was acting within the scope of its employment during the events in question. ECF No. 1-2 at 1 (citing 42 U.S.C. § 233(c) and (g) and 28 C.F.R. § 15.4); ECF No. 4 at 3 (citing 42 U.S.C. §§ 233(a), (c), and

(g) and *Trammell v. Mooney*, No. 24-1117-JEH-JES, 2024 WL 4794580, at *2 (C.D. Ill. Apr. 12, 2024)).

The United States further certifies that, during "some" of the time periods alleged in the complaint, Ms. Carrell was an employee of Outreach and was therefore, "for the purposes of the lawsuit[,] acting within the scope of her statutorily deemed federal employment." ECF No. 1-2 at 1–2. However, according to the United States, during the times alleged in the complaint, Dr. San Augustin was not acting with the scope of statutorily deemed federal employment for purposes of this lawsuit, because he worked on average less than 32.5 hours per week for Outreach and had his own individual medical malpractice insurance. *Id.* at 2 (citing *Dedrick v. Youngblood*, 200 F.3d 744, 746 (11th Cir. 2000)).

Plaintiff has not contested any of this information, and the Court has no independent basis to question it. The United States' motion to substitute, ECF No. 3, will therefore be granted; the Court will order that the United States be substituted as Defendant, and Plaintiff's claims, to the extent they are premised on allegations against Outreach and Ms. Carrell, will proceed against the United States under the FTCA. The Court discusses *infra* Section 3.2.2 why any claim Plaintiff might have against Dr. San Augustin is likely improper for independent reasons.

**3.2     Motion to Dismiss for Lack of Administrative Exhaustion**

The United States moves to dismiss Plaintiff's claims due to her failure to exhaust administrative remedies as required under the FTCA. ECF No. 5; ECF No. 6 at 1 (citing 28 U.S.C. §§ 2401(b) and 2675(a)). The United States argues that "[d]ismissal is also required under the doctrine of claim preclusion" in light of Plaintiff's prior case. ECF No. 6 at 1, 7–10. As explained below, the Court will grant the motion to dismiss for failure to

exhaust administrative remedies and need not entertain the arguments on claim preclusion.

### 3.2.1 Failure to Exhaust

The United States moves for dismissal of Plaintiff's FTCA claim due to Plaintiff's failure to exhaust her administrative remedies prior to suing. ECF No. 6 at 6. It so moves under Federal Rule of Civil Procedure 12(b)(6), which permits dismissal of a complaint that "fail[s] to state a claim upon relief can be granted." *Id.*

"[T]he FTCA requires the exhaustion of administrative remedies prior to suing the federal government in tort." *Green*, 2024 WL 3580950, at *3 (citing 28 U.S.C. § 2675(a); *Frey v. Env't Prot. Agency*, 270 F.3d 1129, 1135 (7th Cir. 2001); and *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997)). The exhaustion requirement provides that the person seeking damages from the federal government must "first present[] the claim to the appropriate Federal agency" for potential disposition before filing an action in the district court. 28 U.S.C. § 2675(a).

"While the FTCA's exhaustion requirement is not a jurisdictional prerequisite, it is a condition precedent to a plaintiff's ability to prevail." *Green*, 2024 WL 3580950, at *3 (citing *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014)). "[B]ecause exhaustion is nonjurisdictional, (*i.e.*, merits-based), it is somewhat anomalous to rely on evidence" outside of Plaintiff's complaint in evaluating whether to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Chaba v. U.S. Postal Serv.*, No. 20 C 4517, 2021 WL 1293830, at *5 (N.D. Ill. Apr. 7, 2021) (citing *Tierney v. Vahle*, 304 F.2d 734, 738 (7th Cir. 2002) and *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 921 (7th Cir. 2018)). However, where the operative pleading "sets forth everything necessary" to demonstrate a

failure to exhaust administrative remedies, and/or the plaintiff "does not dispute the veracity" of the government's evidence of failure to exhaust, the Court may properly dismiss a case due to failure to exhaust. *Dernis v. United States*, No. 21 CV 3157, 2023 WL 4564591, at *7 (N.D. Ill. July 17, 2023) (citing *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014)); *Chaba*, 2021 WL 1293830, at *5 (quoting *Squires-Cannon v. White*, 864 F.3d 515, 517 (7th Cir. 2017)). "Indeed, it is altogether routine for courts to dismiss [FTCA suits] on Rule 12(b)(6) grounds for failure to exhaust . . . ." *Chaba*, 2021 WL 1293830, at *5 (citing *Chronis*, 932 F.3d at 546–49 and *Smoke Shop*, 761 F.3d at 786–88; additional citation omitted).[2]

Dismissal for failure to exhaust is appropriate in this case for two reasons. First, given Plaintiff's prior case and the fact that it was also dismissed for failure to exhaust administrative remedies, *see generally Green*, 2024 WL 3580950, Plaintiff had opportunities both to pursue her administrative remedies before bringing suit again, and to allege in her complaint this time around that she had done so. She did not so allege in her complaint, as the United States points out. ECF No. 6 at 6. Because Plaintiff was aware of the administrative exhaustion requirement given her participation in her prior case, and therefore could have pleaded that she satisfied it, her complaint—in its silence on the matter—"sets forth everything necessary" to demonstrate a failure to exhaust administrative remedies. *Dernis*, 2023 WL 4564591, at *7.

---

[2]Alternatively, to resolve the motion to dismiss, the Court could "take judicial notice of the fact that a plaintiff has failed to exhaust her administrative remedies." *Green*, 2024 WL 3580950, at *3 (citing *Feistel v. U.S. Postal Serv.*, No. 08-C-75, 2008 WL 2048278, at *1 (E.D. Wis. May 12, 2008) and *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003)).

Second and more persuasively, dismissal is appropriate because the Government's evidence demonstrating Plaintiff's failure to exhaust is uncontroverted. The United States has submitted the declaration of Meredith Torres alongside its motion to dismiss. ECF No. 6-7. Torres is an attorney in the Department of Health and Human Services ("HHS") and is "familiar with the official records of administrative tort claims" that HHS maintains. *Id.* at 1. Torres reviewed relevant records and "found no record of an administrative tort claim filed by [Plaintiff], and/or an authorized representative relating to Outreach." *Id.* Plaintiff has not submitted anything to contradict this information—either in this case, or when given the chance to do so in her prior case—and the Court has no independent basis to question its accuracy.

For these reasons, the Court will grant the United States' motion and dismiss this case for failure to exhaust administrative remedies. The dismissal will operate without prejudice, though for the reasons discussed *infra* Section 3.2.2 with respect to allegations against Dr. San Augustin, the Court is skeptical that any of Plaintiff's claims against him are timely. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust . . . ." (collecting cases)).

The Court declines to address the United States' claim preclusion arguments. ECF No. 6 at 7–10.[3] If Plaintiff files another lawsuit against

---

[3]The United States assumes that Judge Joseph's order dismissing Plaintiff's prior case for failure to exhaust was a ruling "on the merits" for purposes of the claim preclusion analysis. ECF No. 6 at 8 (citing *Edmonds v. Op. Eng. Local 139*, 620 F. Supp. 2d 966, 972 (W.D. Wis. 2009)). But it has offered no authority in support of this argument.

Page 10 of 13
Case 2:25-cv-00107-JPS    Filed 04/10/25    Page 10 of 13    Document 13

Outreach premised on the same allegations as in this case without having exhausted her administrative remedies as required under the FTCA—whether in this District originally or via removal—the Court will consider whether to implement appropriate sanctions against her, such as a filing bar.

### 3.2.2  Claim Against Dr. San Augustin

The Court finally considers what to do about Plaintiff's allegations against Dr. San Augustin. The United States certifies that Dr. San Augustin was not, for purposes of the FTCA, a federal employee during the time at which the alleged events occurred. ECF No. 1-2 at 2. Any medical malpractice claim that Plaintiff might have against Dr. San Augustin, therefore, does not fall under the FTCA, and instead arises under Wisconsin state law. Because the Court has dismissed any claim Plaintiff might have under the FTCA, it will decline to exercise supplemental jurisdiction over such a state law claim. *See* 28 U.S.C. § 1367(c)(3). The Court also notes that Plaintiff's complaint does not establish one of the elements necessary for

---

On one hand, it makes sense to assume that Judge Joseph's prior order was a "merits" order in that it reached the "merits" of the exhaustion defense (rather than adopting Plaintiff's late-filed notice of voluntary dismissal). *Green*, 2024 WL 3580950. And to be fair, a dismissal under Rule 12(b)(6) typically "operates as an adjudication on the merits" and is "with prejudice unless otherwise specified." *Ryder v. Hyles*, 27 F.4th 1253, 1258 (7th Cir. 2022) (citing Fed. R. Civ. P. 41(b) and *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690 (7th Cir. 2015)).

On the other hand, and as earlier noted, dismissals for failure to exhaust operate without prejudice. *Walker*, 288 F.3d at 1009 (collecting cases) In sum, the issue does not seem quite so clear-cut as the United States suggests. *See* 18A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 4437 (3d ed. 2024) (titled "'On the Merits'—Prematurity or Precondition). Because the claim preclusion argument is underdeveloped on this point and because there are separate and adequate grounds for dismissal, the Court declines to address the preclusion argument at this time.

her to proceed independently against Dr. San Augustin in federal court on diversity jurisdiction—it does not state whether Dr. San Augustin is a citizen of Wisconsin. 28 U.S.C. § 1332(a)(1). If he is, the Court would not be able to hear this case on the basis of diversity jurisdiction. Additionally, even if the Court had supplemental or diversity jurisdiction over Plaintiff's claim against Dr. San Augustin, any claim against him is "likely barred by the applicable statute of limitations." *Green*, 2024 WL 3580950, at *3 (citing Wis. Stat. § 893.55).

### 4. CONCLUSION

For the reasons stated above, the United States' motions to substitute and to dismiss are both granted. ECF Nos. 3, 5. Its motion for the Court to proceed to rule on the pending motions without further input from the parties, ECF No. 9, is denied as moot.

Accordingly,

**IT IS ORDERED** that the United States' motion to substitute, ECF No. 3, be and the same is hereby **GRANTED**; the Clerk of Court is directed to replace Outreach Community Health Center with the United States on the docket;

**IT IS FURTHER ORDERED** that the United States' motion to dismiss, ECF No. 5, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the United States' motion for the Court to proceed to rule on the pending motions without further input from the parties, ECF No. 9, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.